O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE HUDSON,<br><br>        Plaintiff,<br><br>    v.<br><br>MORENO VALLEY UNIFIED SCHOOL DISTRICT,<br><br>        Defendant. | Case No. EDCV 08-424-VAP (JCRx)<br><br>**[Motion filed on May 12, 2008]**<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

The Court has received and considered all papers filed in support of, and in opposition to, Defendant Moreno Valley Unified School District's Motion to Dismiss. The Motion is appropriate for resolution without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons set forth below, the Court GRANTS the Motion in part and DENIES it in part.

**I. BACKGROUND**

**A.  Procedural Background**

Plaintiff Arlene Hudson filed a Complaint in pro se on March 9, 2008, against Defendant Moreno Valley Unified

School District (the "District").  The Complaint alleges claims for employment discrimination, defamation, intentional infliction of emotional distress, and negligent infliction of emotional distress.

On May 12, 2008, Defendant filed a Motion to Dismiss ("Motion" or "Mot.").  Plaintiff filed Opposition ("Opp'n") and the Declaration of Arlene Hudson ("Hudson Decl.") on June 9, 2008.[1]

**B.  Factual Background**

Plaintiff was employed as a teacher at Canyon Springs High School ("CSHS"), which is part of the District. (Compl. ¶ 3.)  In July 2006, Plaintiff was "forced into constructive resignation subject to rehiring in thirty-nine months, due to issues dealing with [the District] that adversely affected her health."  (Id. ¶ 7.) Plaintiff alleges that the District "discriminated against her and retaliated against her support of protected activity, i.e. protesting discriminatory treatment of African-American staff members, by their false allegations against her reputation professionally and personally in the community at large."  (Id. ¶ 11.)

///
///

---

[1] Defendant filed an untimely Reply and Request for Judicial Notice on June 24, 2008.  See Local Rule 7-10.

2

After Plaintiff's resignation, in September 2006, the District filed a police report claiming that Plaintiff had stolen 18 computers from CSHS. (Id. ¶ 8.) No charges were filed against Plaintiff. (Id.) In April 2007, the District then supplemented its earlier police report and amended its claim of burglary to one of embezzlement. (Id. ¶¶ 8-9.)

On October 17, 2006, Plaintiff filed a complaint of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). (Id. ¶ 9.) Plaintiff received a notice of dismissal from the EEOC on November 28, 2007. [Id. ¶ 12 & Ex. A (EEOC Notice).]

## II. LEGAL STANDARD

Under Rule 12(b)(6), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted. As a general matter, the Federal Rules require only that a plaintiff provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)(2)); Bell Atlantic Corp. v. Twombly, 550 U.S. __, 127 S. Ct. 1955, 1964 (2007). In addition, the Court must accept all material allegations in the complaint -- as well as any reasonable inferences to be drawn from them -- as true. See Doe v.

United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 127 S. Ct. at 1964-65 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965.

Although the scope of review is limited to the contents of the complaint, the Court may also consider exhibits submitted with the complaint, Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990), and "take judicial notice of matters of public record outside the pleadings," Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988).

### III. DISCUSSION
**A.   Title VII Claim**

Defendant argues for dismissal of Plaintiff's claim of employment discrimination under Title VII of the Civil

4

Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., on the ground that such a claim is barred by the statute of limitations. (Mot. at 6-7.)

Title VII requires the EEOC to notify a claimant that he or she has 90 days to initiate a civil action after receiving the EEOC's notice of dismissal. 42 U.S.C. § 2000e-5(f)(1). The Ninth Circuit has held that a failure to file suit within the 90-day period will result in dismissal of a Title VII claim as time-barred. Payan v. Aramark Mgmt. Servs. Ltd., 495 F.3d 1119, 1121 (9th Cir. 2007) (citing Scholar v. Pac. Bell, 963 F.2d 264, 266-67 (9th Cir. 1992)). The 90-day period begins to run from "the date on which a right-to-sue notice letter arrived at the claimant's address of record. Id. at 1122 (citations omitted).

Though Plaintiff did not explicitly plead her claim for "employment discrimination" under Title VII, she invoked that statute in a separate section of her pleading, (Compl. ¶ 4), and also attached an EEOC right-to-sue letter as Exhibit A. Construing a pro se plaintiff's claims liberally, as the Court is required to do, Plaintiff's claim will be analyzed as having been brought under Title VII.[2] Here, Plaintiff alleges that

---

[2] The only other federal claim Plaintiff has alleged is the general statement that Defendant's "discriminatory (continued...)

5

1  she received the EEOC notice on November 28, 2007.
2  (Compl. ¶ 12.)  Counting forward 90 days from that date,
3  Plaintiff had until February 26, 2008, to file her
4  lawsuit.  Defendant argues that Plaintiff's claim is
5  barred, because the Complaint in this case was filed on
6  April 8, 2008.  (Mot. at 7:1-6.)

8      In response, Plaintiff asserts that she preserved her
9  claim by timely lodging a complaint on February 22, 2008.
10 (Opp'n at 1:28-2:2.)  Plaintiff also attaches as an
11 exhibit to her Opposition a copy of a complaint that is
12 identical to the Complaint in this case, except that it
13 bears a different case number, CV 08-01239.  (Opp'n Ex.
14 A.)  The attached complaint bears a stamp indicating that
15 it was lodged with the Clerk's office on February 22,
16 2008.

18     An examination of the docket and court documents
19 filed in Plaintiff's earlier case shows the following.[3]

---

[2](...continued)
actions ... constituted unlawful discrimination in employment of [sic] account of race and gender in violation of her constitutional rights."  (Compl. ¶ 16.) To the extent Plaintiff also brings her claims under the federal Age Discrimination in Employment Act ("ADEA") and Americans with Disabilities Act ("ADA"), to which the Complaint refers in passing, (Compl. ¶ 4), those statutes are governed by the same statute of limitations as Title VII.  42 U.S.C. § 12117 (ADA); 29 U.S.C. § 626(e) (ADEA).

[3]The Court may take judicial notice of court records.
(continued...)

6

1  On February 22, 2008, Plaintiff lodged a complaint, which
2  was assigned case number CV 08-01239. On the same day,
3  Plaintiff also filed a "Request to Proceed In Forma
4  Pauperis with Declaration in Support," a document she
5  completed on a pre-printed form provided by the Clerk's
6  office. By Order dated March 9, 2008, Plaintiff's
7  request to proceed without paying the usual filing fee
8  was denied ("IFP Denial"). (Case No. CV 08-01239, Docket
9  No. 3.) The IFP Denial noted that Plaintiff had failed
10 to answer a question on the pre-printed form indicating
11 the date of her last employment and the salary or wage.
12 (Id.) In answer to a different question, Plaintiff
13 stated that she earned approximately $93,000 in income in
14 2005. In light of the allegation in the complaint that
15 Plaintiff had been employed until July 2006, the IFP
16 Denial found that Plaintiff's ability to pay the filing
17 fee could not be determined without her response to the
18 question concerning her most recent employment. (Id.)
19 The docket entry for the IFP Denial also indicates that
20 the case was terminated on the same day. The complaint
21 Plaintiff had lodged on February 22, 2008, was stamped
22 "Received/Returned" on March 14, 2008. (Id.)

24     The docket in this case shows that Plaintiff lodged
25 the Complaint on March 31, 2008, and filed a "Request to

---

27     [3](...continued)
   Fed. R. Evid. 201(b); Reyn's Pasta Bella, LLC v. Visa
28 USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

7

Proceed In Forma Pauperis with Declaration in Support" ("IFP Request") on the same date. The Complaint and the IFP Request were stamped with the case number of the present case; both documents, however, bear the file stamps from Plaintiff's earlier case, No. CV 08-01239. In other words, the documents show that Plaintiff submitted the same documents in this case that she had submitted earlier. Her renewed IFP Request, however, included the information that was lacking in her initial request. By Order dated April 9, 2008, Plaintiff's IFP Request was granted and the Complaint was filed on the same day.

The Ninth Circuit has held that a district court should regard a complaint as "filed," for purposes of the statute of limitations, when it "arrives in the custody of the clerk within the statutory period" even if it "fails to conform with formal requirements in local rules." Loya v. Desert Sands Unified Sch. Dist., 721 F.2d 279, 281 (9th Cir. 1983) (finding statute of limitations had not expired where complaint arrived in clerk's office on time but on paper of the wrong size). Thus, the complaint in Loya was deemed to have been filed timely, though a complaint conforming with the local rules was not delivered to the Clerk's Office until after the statute of limitations had run. Id. at 280. The Ninth Circuit quoted the Fifth Circuit's standard for

1  determining when a complaint had been "filed" -- whether
2  it "was ever in the actual or constructive possession of
3  the clerk." Id. at 281 (quoting Leggett v. Strickland,
4  640 F.2d 774, 776 (5th Cir. 1981)).  In a later decision,
5  the Ninth Circuit relied on Loya to find that a complaint
6  had been "constructively filed" within the statute of
7  limitations, even though the clerk initially rejected the
8  complaint, in part, for failure to pay the proper filing
9  fee.  See Cintron v. Union Pac. R.R. Co., 813 F.2d 917,
10 920-21 (9th Cir. 1987) (noting that the filing fee
11 "should not be raised to the level of a jurisdictional
12 requirement"); see also McDowell v. Delaware State
13 Police, 88 F.3d 188, 191 (3d Cir. 1996) (deeming
14 complaint lodged with the clerk to be constructively
15 filed within the statute of limitations, even though in
16 forma pauperis application submitted 14 months later).
17
18     Here, Plaintiff "constructively filed" her case on
19 February 22, 2008, when she first lodged a copy of the
20 Complaint with a request to proceed without paying the
21 filing fee.  The granting of Plaintiff's renewed IFP
22 Request is analogous to the later submission of corrected
23 complaints in Loya and Cintron, which remedied the errors
24 that resulted in the initial rejection of the pleadings
25 by the clerks.  Loya, 721 F.2d at 280; Cintron, 813 F.2d
26 at 921.  It appears that Plaintiff was not given an
27 opportunity to pay the filing fee upon rejection of her
28

first request to have the fee waived; the docket reflects that her initial case was terminated on the same day as the rejection. She should not be penalized for making a renewed IFP Request, which ultimately was granted, when she initially acted within the statute of limitations. Moreover, she appears to have acted with reasonable diligence in filing her renewed IFP Request on March 31, 2008, 17 days after the Clerk stamped her initial complaint as "Received/Returned."[4]

The Court therefore finds that Plaintiff's Complaint was constructively filed on February 22, 2008, within the statute of limitations. Accordingly, the Court denies Defendant's Motion to the extent it is based on the statute of limitations.

**B.   State Law Claims**

**1.   Failure to present administrative claim**

Defendant contends Plaintiff's state law claims for defamation, intentional infliction of emotional distress, and negligent infliction of emotional distress should be

---

[4]Defendant's untimely Reply brief argues that Plaintiff initially lodged her complaint with a "different court" on February 22, 2008. (Reply at 4:18.) This assertion apparently is based on the docket notation that Plaintiff's case initially was before the Western Division of the Central District of California, while it is currently before the Eastern Division. The two divisions are part of the same court, i.e., the United States District Court for the Central District of California.

dismissed for failure to file an administrative claim under the California Tort Claims Act. Cal. Gov't Code § 945.4; Mot. at 7.

"The California Tort Claims Act requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part." Mangold v. California Public Utilities Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Claims for personal injury must be presented within six months of accrual. Cal. Gov't Code § 911.2; City of Stockton v. Superior Court, 42 Cal. 4th 730, 738 (2007). The failure to allege compliance with the Tort Claims Act is a proper basis for dismissal of a complaint. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988) (upholding dismissal of state tort claims).

Here, the Complaint does not allege Plaintiff's compliance with the Tort Claims Act. Though Defendant argues that Plaintiff "failed to submit a claim for damages," (Mot. at 7:19), it has not provided any support for this factual assertion.[5] The Court therefore

---

[5] The Court declines to consider the documents purporting to be claims complying with the Tort Claims Act, because the Complaint fails to allege compliance with that statute. (Hudson Decl. Exs. B-D.) The Court notes, however, that a document entitled "Claim Form" attached as Exhibit D to Plaintiff's declaration does not
(continued...)

11

dismisses Plaintiff's state law claims on this ground, with leave to amend.

### 2. Failure to plead statutory basis for liability against public entity

Defendant's final argument in support of dismissal asserts that Plaintiff may not pursue state tort claims against a public entity unless liability is imposed by statute. (Mot. at 8.)  Under the California Tort Claims Act, "a public entity is not liable for injury arising from an act or omission except as provided by statute." <u>Hoff v. Vacaville Unified Sch. Dist.</u>, 19 Cal. 4th 925, 932 (1998) (citations omitted).  Here, Plaintiff alleges claims for defamation, intentional infliction of emotional distress, and negligent infliction of emotional distress, without specifying a statute imposing liability for such claims on a public entity.  The Court therefore dismisses Plaintiff's state law claims on this ground, with leave to amend.

### IV. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Dismiss to the extent it is based on the statute of limitations for federal statutory

---

[5](...continued)
indicate whether it actually was presented to the District.  Moreover, the "Claim Form" is dated June 6, 2008, which is after Plaintiff filed the Complaint and after Defendant filed this Motion.

employment discrimination claims.  The Court GRANTS Defendant's Motion to Dismiss Plaintiff's state law claims for failure to present such claims to Defendant, with leave to amend.  Plaintiff shall file an amended complaint no later than Tuesday, September 2, 2008.


Dated:   August 18, 2008          _____
                                     VIRGINIA A. PHILLIPS
                                  United States District Judge

13